CITY OF NEW ORLEANS *v.* ESTATE OF ARTHUR McARTHUR.

Where defendant admits a part of the plaintiff's claim and deposits the amount in court, and the balance for which judgment is rendered is less than $300, the judgment being an entirety and the whole amount claimed in the suit being over $300, the court has jurisdiction of an appeal.

One can only be bound by the assessment rolls of the parish or district within which one has taxable property, after having failed to appeal without a sufficient excuse.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Durant & Horner,* for defendant and appellant. *Laville & Morell,* for plaintiff.

SPOFFORD, J. In the cases of the *City of New Orleans* v. *Lacroix, The Same* v. *Rousseau,* and *The Same* v. *Lesseps,* 11 Ann. pp. 193, 195 and 251, we held, that a tax payer sued for city taxes, before being allowed to establish errors in the assessment roll to his prejudice, should allege and show that he has applied in vain to the proper authorities for a correction thereof. within the time limited by law for such an appeal, or in default of such an application, that there existed some sufficient reason for his apparent negligence.

Upon the authority of those cases, the district Judge in this instance excluded all evidence to establish the allegations of the defendant's answer, and rendered a judgment against her for all the taxes claimed, from which she has appealed.

The judgment sought to be reversed is an entirety, and exceeds three hundred dollars. We think we have jurisdiction of the case.

The defendant, whose answer is full, explicit and carefully framed, does not contest the correctness of the doctrine laid down in the cases above cited, but maintains that she has brought herself within the exception to the rule, by alleging a state of facts which exonerates her from the charge of *laches,* and excuses her for her failure to apply for a correction of the assessment roll.

If her answer is true, (and in this inquiry we must assume its truth,) she gave in faithfully all her property in the city of New Orleans to the Assessors of the respective districts where it was situated; she had no property subject to taxation, except that which was situated in the Second and Third Districts; she admits herself bound by the assessments rolls of those districts; but she avers, that the assessment against her in the *First District* of "twenty-four slaves in square No. 220, comprised within Dryades, Melpomene, Thalia and Bacchus streets, assessed at $12,000," is a gross error, as she never owned any property either in that square or in the First District; that during the year for which the taxes sued on are levied, all of her slaves were assessed in the Second District, and are regularly included in her bill; that she is entitled to relief from the gross error and fraudulent assessment made by the Assessor of the First District, to swell up the amount of the taxable property, because as she owned no property whatever in that district, and was rightfully assessed for all her property elsewhere, she was not bound to look over the eight hundred squares on the assessment roll of the First District, to see whether she was there taxed for any slaves or property she did not own.

This state of facts discloses a reasonable and valid excuse for what we should otherwise regard as an apparent neglect on the part of the defendant, to examine the assessment roll and apply for its correction in the mode pointed out by statutory regulations upon that subject.

One can only be bound by the assessment rolls of the parish or district, within which one has taxable property, after having failed to appeal without a sufficient excuse. A different rule would subject parties to constant surprises, or oblige them to employ agents in every parish or assessment district in the State.

It is therefore ordered, that the judgment appealed from be avoided and reversed, and that this cause be remanded to the district court, with directions to permit the defendant to offer evidence in support of the allegations of her answer, and further to proceed as the law may require; the costs of this appeal to be borne by the plaintiff and appellee.